(1.)

# UNITED STATES DISTRICT COURT

John Anthony Hill
Plaintiff,

V.

Sheriff Derrick Palmer
Captain Mark Patterson
Lieutenant Jeremy Bresch
Nurse Carrie Colwell

Individual Capacities,

Defendants

AMENDED
COMPLAINT

Civil Action No. 1:18-
CV-00293-FDW

**RECEIVED**
ASHEVILLE, N.C.

NOV 13 2018

Clerk, U.S. Dist. Court
W. Dist. of N.C.

# I JURISDICTION AND VENUE

1.) This is a civil action authorized by 42 U.S.C. Section 1983 to redress the depravation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1334 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section

(2.)

2201 and 2202. Plaintiffs Claims for injunctive relief are authorized by 28 USC. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2.)     The Western District Of North Carolina is an appropriate Venue under 28 USC. Section 1391(b)(2) because it is where the events giving rise to this Claim occurred.

## II PLAINTIFFS

3.)     Plaintiff, John Anthony Hill, is and was at all times mentioned herein a prisoner (pre-trial detainee) of the State of North Carolina in the Custody of North Carolina. He is Confined in the Cherokee County Detention Center in Murphy, North Carolina.

## III DEFENDANTS

4.)     Defendant, Sheriff Derrick Palmer is the Sheriff of Cherokee County North Carolina. He is legally responsible for the overall operation Sheriff Department and the Detention Center under its jurisdiction, The Cherokee County Detention Center.

5.)     Defendant, Captain Mark Patterson, is Captain

(3)

of Cherokee County Detention Center of Cherokee County North Carolina, He is legally responsible for the administrative staff and the welfare of all the inmates of that facility.

6.) Defendant, Lieutenant Jeremy Bresch, is the Lieutenant of Cherokee Count Dention Center in Cherokee County North Carolina Who, at all times mentioned in this Complaint, held posistion of Lieutenant of Cherokee County Detention Center.

7.) Defendant Carrie Coiswell, (Colwell) Head Nurse of the Cherokee County Detention Center, of North Carolina is employed by Southern Health Partners of Chattanooga Tennessee, Who, at all times mentioned in this Complaint, held the position of Head Nurse assigned to Cherokee County Detention Center.

8.) Each defendant is sued individually and in his (or her) official capacity. At all times mentioned in this Complaint each defendant acted under the color of state law.

## IV. FACTS

9.) In this Amended complaint the Court may refer back to original Complaint & attachments.

(4.)

10.)     Defendants knew of plaintiffs serious medical condition and needs when he was booked into jail. Plaintiff answered medical questions stating back, neck and shoulder pain from accident. Right knee swollen and painful, diagnosed as needing replaced. Plaintiff assisted with a cane wich was taken and not replaced. Two molar teeth with painful cavities, arthritis, very poor, blurry vision, prescription glasses needed. Diagnosed with Hepatitis~C, physician concearned with possible Cirrhosis. Plaintiff has a history of heavy alcohol use, and high tolerance for prescription pain medication and will need to be detoxed. Plaintiff is unemployed due to injuries, great pain, health issues and disabilities. Disability was applied for twice.

11.)     Defendants was further informed of plaintiffs serious medical needs by physicians medical records, files, hospital records, jail doctors, examinations, bloodwork, Hepatitis~C blood panel, wich is a serious contagious disease that can cause Cirrhosis, liver disease and death if not treated. Ultra-Sound from radiology showing an enlarged liver. X-Rays of right knee, right shoulder having existing rotator cuff injury, bone spurs, numerous requests, sick calls and grievances up to Lieutenant, Captain and Sheriff, wanting medications, cane, knee brace, dental appoint-

(5.)

ments, eye exam and glasses, Hepatitis-C treatment

12.) . Officials made a dental appointment after months of near-constant complaining. One molar extracted surgically, part of the root was left due to wires holding the jaw together from previous broken jaw. The other tooth and root to be taken later. Causing pain,

13.) After months of grievances wanting medical treatment, plaintiff was taken to Franklin, N.Carolina liver specialist that, after additional testing, confirmed the Hepatitis-C disease, mandated treatment and scheduled appointments to start the shots.

14.) After many more requests, sick calls, grievances, for failure to provide adequate medical care to determine the cause of extreme back, neck pain. Capt. Patterson tells me "it must be age", effectively denying medical care. Captain also denied a knee brace and eye-exam and eyeglasses. Plaintiff explains blurry, deteriorating vision causing headaches, impairing daily activities. Koehl V. Dalsheim, 85 F.3d 86, 88 (2d Cir 1996)

15.) Plaintiff filed sick call asking why he wasn't being taken to physician for treatment of Hep-C that was diagnosed and mandated treatment. Medical

(6.)

said it was "too expensive". Goebert V. Lee County 510 F. 3d, 1312, 1326, (11th Cir 2007) Officials deliberate indifferance to treat a serious medical need that could result in further significant injury or the un- necessary wanton infliction of pain and death if not treated. Estelle V. Gamble, 429 US. at 104-05

16.)    Plaintiff had been housed in Max 23-hr lock down, Lt. Bresch moves plaintiff to general population to cell B-267 on the upper floor, top bunk, know- ing the pain and medical issues. Bottom bunk pro- file. Lt. Bresch was told he was acting deliberately indifferent to these unreasonable and potentially dang- erous changes. Lt. Bresch said "Its therapy". Leach Vs. Shelby County Sheriff 891, F.2d 1241, 1243 (6 Th Cir. 1989) By forcing plaintiff to be housed upstairs on a top bunk is painful and dangerous to his health.

17.)    Plaintiff suffered a serious head injury. Two teeth broken off at the gums while in B-pod day- room. (possible attack by inmates). Plaintiff wakes up in an ambulance with Officer Allen Williams on way to E.R. bloody and in pain wanting to know what happened but no-one knows. Plaintiff suffered a concussion, a gash in the head that required stitches, X-Rays, busted mouth, lips

and cut tounge. Broken teeth have exposed nerves but theres nothing more the E.R. Dr. Can do. Medical will have to make a dentist appointment. Presci bes 12 pain pills until the teeth can be fixed.

18.) Defendants move plaintiff to Medical, wants to know what happened, what the video camera shows? wants to know about the incident report with the dayroom full of inmates. No-one knows. After about four days I only recieve two pills and it's empty. Plaintiff is moved back to B-pod where he waits over a month before seeing a dentist to pull one, grind the other down instead of fixing them. Inmate Chris Mowry fell, suffered broken teeth and got a partial.

19.) Plaintiff is assaulted by inmate Jackie Slaughter and suffers a bloody (potentially broken) nose, Medical gives ice pack and is moved to A-pod. After many sick calls, is issued nasel spray twice daily to help breath. Inmate Larry Reid had the cartlidge drilled out of his nose (deviated septum) to help him breath.

20.) Plaintiff requests medical again for eye-exam and eyeglasses - No prescription eyeglasses given - Medical provides reading glasses thats not needed, worsens vision and headaches. Medical pays for inmate Corey Luther's prescription eyeglasses. Plaintiff requests

(8.)

eye glasses again, Captain says inmate will have to pay cost of eye exam, glasses. Plaintiff files Complaint to Department of Justice, A.D.A., Americans with Disability Act. Forced to pay $488 to Andrews Eye Care. Captain acted with deliberate indifferance denying and failing to provide glasses until plaintiffs vision became untollerable. Monmouth Co. Corr. Inst. Inmates Vs. Lanzaro, 834, F. 2d 326, 347, (3d Cir. 1987) "Officials may not condition provision of needed medical services on an inmates ability or willingness to pay."

21.)    Plaintiff continues efforts with medical for treatment for Hep-C. Back neck and knee pain. Knee, shoulder get cortizone/steroid shots to help. Knee brace denied. Plaintiff suffers numerous attacks by inmates, moved to Max and confronts Lt. Bresch about lack of treatment, altercation ensues and plaintiff is tased, no cell-mate to witness this, plaintiff writes the Sheriff and city civil rights groups, grievances. Plaintiffs outgoing and incoming mail is censored. Legal and religious alike.

22.)    Plaintiff was infected with staph/mersa/MRSA at least four times. Medical was notified each time and antibiotics an ibuprofin was given. Nurse Caldwell would surgically drain pus from abcessed boils. Never isolated from general population to stop the spread of virus.

(9)

23.)     Plaintiff developed another Staph/MRSA infection in Feb. and March 2018 submitting a sick call to medical. Nurse prescribed antibiotic wich didn't help, only got worse, larger and more painful. After more attempts to get medical attention, boil got as large as a lemon under the left armpit. Nurse called Dr. Rebecca Gray who was on Vacation in Hawaii, She said to switch antibiotics and give Ibuprofin for pain. Nurse Colwell left for the Week-end. At med-pass, the week-end nurse and Sgt Robert- son said the Captain and Lieutenant said not to give any Ibuprofin even after Dr. Gray ordered it. Pain was Severe. On a 1-10 scale, it was a 9. Plaintiff complained for over a week about the serious pain. Grievances didn't do any good to Lt. or Capt. The Sheriff was wrote.

24.)     Plaintiff stopped every officer, showed them the boil and how it spread down the ribcage towards the hip (trenching they call it) no where else for the pus to go. Plaintiff told staff that he wasn't allowed pain meds. Sgt. Robertson, Sgt. Gunter, Sgt Dayly and other floor officers gave pain medicine. Jason Stamey was my room-mate witness. Officers Steve Zoller, Brandi Spiva, Tiffany Enloe and Sandy Guffey also Witnessed was Valerie Myers who also had it.

25.)     Dr. Gray determined the MRSA infection "looked"

like Carbunkle and trenching and believed it to be in the bloodstream. She said it was the worse case she had ever seen. There are over 30 types of staph producing toxins responsible for food poisoning and toxic shock syndrome. Staph related illness can range from mild to severe (potentially fatal). She was considering hospitalization. She started antibiotic and pain medication by needle. Nurse Colwell acted mad and said no-one has ever got a pain shot here before.

26.) Plaintiff tells Dr. Gray about Lt. Bresch and Captain not letting staff give ibuprofin and officials were charging plaintiffs account $20 for each visit and eventually $20 for each antibiotic and pain shot. Dr. said there was not to be no charges and told officials this. Abscessed boil was surgically drained and Doctor orders back Ibuprofin.

27.) Lt. Bresch knew of the serious, infectuous, contagious staph infection plaintiff was suffering in constant pain, yet he and other officials showed deliberate indifference even sadistic and malicious conduct. denying pain medicine delay/deny treatment causing a more severe, life-threatening infection to spread in the bloodstream and allow plaintiff to return to general population with an infected, contagious open wound putting other inmates at a great risk of being infected. Jail officials are required

to take steps to prevent the spread of MRSA.
Kimble Vs. Tennis 2006 WL 154950 (MD. Pa. 2006)

28.) Plaintiff was prescribed three differen antibiotics. More serious staph infections such as the infection of the bloodstream require culturing samples of blood or infected fluids. The laboratory establishes the diagnosis and performs special tests to determine wich antibiotics are effective against the bacteria. The Choice of antibiotic depends on the susceptibility of the particular staphylococcal strain as determined by culture results in the laboratory. Constitution does not allow guards to make medical decisions, or general practitioners to handle matters that require a specialist. Chance vs. Armstrong 143 F. 3d 698, 702 (2d Cir. 1998)

29.) Plaintiff had to be taken to the nurses station to have pus/fluid drained from the ribcage up to the armpit daily for about a week, again being charged $135 after Dr. Gray said not to. Plaintiff asks Lt. Bresch about this and he replys " I have to pay when I get medical attention, you're no different."

30.) Plaintiff asks nurse Colwell about extracting a tooth that has a painful cavity, sensitive to hot and cold, possible exposed nerve. Shes says tooth

(12.)

must be abcessed, infected and leaking pus. Also, plaintiff must fill out three sick-calls ($20 each) plus costs of antibiotics and Ibuprofin (if prescribed). Inmate may pay for extraction if above requirements don't apply. Dental treatment refused, requirements not met. (New).

31.) Plaintiff continues with the grievance process and starts writing the Sheriff, threatening to sue, Civil rights groups, Internal Affairs, Safe and Humane Jails project, County Mngr., County Attorney, Attorney General, etc. Plaintiffs mail stopped coming and going. Staff refused to give mail-log, refused magazines plaintiff paid for out of his account. Lt. Bresch renewed seven subscriptions, refused to give plaintiff Rock of Ages Discipleship Courses plaintiff was taken, all religious materials from various Ministries was denied, daily devotionals also.

32.) Plaintiff sends a letter to the Sheriff, through his Attorney, telling him of the retaliation, mistreatment and Civil rights violations going on. Capt. Patterson returned the mailed letter to the plaintiff, angry that the Sheriff got the letter and immediately transferred Plaintiff to Macon Co. Detention Ctr. even though CCDC. houses approximately twelve MCDC inmates at any given time. Plaintiff was in general population and placed in Max segregation 23-hr lockdown on 4-23-18 to 9-4-18

13.)

While in M.C.D.C. Plaintiff continues to write the Sheriff Co. Mgr. Randy Wiggins, Co. Attny Darryl Brown, who advised the Sheriff to give plaintiff his mail that was "boxed up" for over a year. Plaintiff wrote Human Rights Defence Center, the A.C.L.U., Internal Affairs, S.B.I., Attorney General, many others. The Sheriff and Cheif Dept. Joe Wood go to M.C.D.C. to see plaintiff, asks what he wants. Plaintiff wants re-imbursed for medical charges and magazines and newspapers that were being held, wants his mail and fair medical treatment. Sheriff says to send him and Co. Attny proof.

33.)  Plaintiff sends Sheriff Palmer and Co. Attny Darryl Brown statements and copies of all grievances, sick calls, magazine covers with names of other inmates recieving them detailed complaints of whats going on at CCDC after verbally telling the Sheriff and Chief Dept. Joe Wood. After repeated attempts to resolve this issue with the Sheriff, Mr. Brown and Co. Mngr. Randy Wiggins, plaintiff never got a response. Plaintiff even asked the Sheriff to settle for approximate amount of $800 for re-imbursement of what expense plaintiff is out.

34.)  The First Amendment prohibits officials from retaliating against inmates who report complaints, file grievances or lawsuits. Retaliation can be interfering with legal work (paper), being placed in segregation, transfering inmate to another jail (M.C.D.C) threats, even having an

(14.)

inmate assaulted... Officials may not punish pre-trial detainees at all. Stanley V. Litscher 213 F.3d, 340, 343 (7th Cir. 2000)

35.) While in segregation at MCDC, plaintiff submitted a sick call about the painful, decayed tooth that was denied dental attention at CCDC. Jail Dr. Creel promptly scheduled a dentist appointment and the tooth was extracted free of charge. Dr. Creel ordered a blood panel for Hep-C and requested files from Liver Specialist Dr. Berrier to see why treatment was not administered after it was mandated. Increased meds.

36.) Plaintiff continues to write the Sheriff, Co. manager Randy Wiggins, Co. Attorney Darryl Brown, the Scout newspaper, the Andrews Journal newspaper, Civil Rights Centers, State Auditor, County Finance Director Candy Anderson, who was doing an audit on CCDC, the SBI, who was investigating CCDC (still is) about the suspicious death of an inmate and the beating and tasing of hand-cuffed federal inmate George Stokes. CCDC paid Stokes $800 not to pursue litigation. (County). Plaintiff writes to Dept. of Justice, Internal Affairs, Gov. Roy Cooper, Congressman Mark Meadows, County Commissioners. Plaintiff receives letter from Co. Attny. Darryl Brown stating he had a meeting with Sheriff Palmer and Capt. Patterson stating he advised them to turn over plaintiffs mail that was "boxed up" without delay.

(15.)

37.) Officials sent plaintiff approx three dozen magazines, many wasn't his, should of been at least 124 (one yrs) also some religious material but not all. No newspapers. Macon County Mail log details what exactly. Chief Det Joe Wood came to Macon Co. to see plaintiff on 8-8-18 to let him know he was looking into plaintiffs allegations, an internal in-vestigation. Sheriff Palmer came to Macon Co. on ~~8-15-18~~ 8-15-18, (After four months in segregation) to see what plaintiff wanted. Plaintiff told Sheriff about Civil rights being violated, drugs, cell phones, vigilante justice carried out by officers or officers paying inmates to do it. Plaintiff stated he feared going back to CCDC because more retaliation would ensue. Letters to Officials Confirm this.

38.) Defendants move plaintiff back to CCDC, placed in Max segregation 23-hr. lockdown, punishment continues for no reason. on 9-4-18. Plaintiff still in Max as of 11-5-18. Sheriff Palmer and defendants showed deliberate indifferance to plaintiffs 1st and 14th amendments being violated by know-ing about a risk and failing to respond reasonably by act-ing or failing to act. They were notified by grievance, letters, health history, inmate fights, incident reports, the County Attorney, civil rights groups, letters to the Sheriff personally, and interviews with him and Chief Joe Wood. It is well-documented of the plaintiffs needs and unwarranted punishment and medical care neglect and

interferance of serious medical needs. Bills from hospital, E.R., Ambulance, Dentists. Refusal of prescription eyeglasses. Hep-C treatment that was mandated, never given. Broken teeth delayed over a month, unnecessary and unwanton pain before an extraction. Back, neck, and knee untreated. Denied pain meds for MRSA, not properly diagnosed or treated by specialist. Given three different antibiotics causing the spread of infection, severe pain and sent back into general population with an open, contagious wound.

39.) Nurse Colwell cuts pain meds. by nearly 70%, anxiety-Mental health by 50% and will not follow-up or even get medical records from MCDC, plaintiff write grievances, mails out lawsuits on 10-8-18 and 10-10-18 and learns Lt. Bresch has intercepted them and taken them out of the mail-log on the Computer. Sgt. Morris logged them in and Officer Chandler says they were taken out of the computer. Plaintiff confronts Lt. Bresch and he states he doesn't have to provide mail-log nor does he have to prove it. An altercation ensues, Lt. Bresch chokes plaintiff out in Max. dayroom, all inmates witness this. Bresch locks plaintiff down for 14 days with no hour out at all.

40.) Plaintiff writes grievances, doesn't help. Defendants say they don't have to give any hour out. Plaintiff asks for the Statute that says they can do this,

(17.)

G.S. 153A-221, this statute says inmates are re-quired to have 70 sq. ft. of living space per inmate, in-cluding rec. area. Doesn't say they can keep pre-trial detainees in a 7'x11' cell for 14 days without any rec. time.

41.) Sheriff Palmer is responsible for overseeing CCDC administration, medical, their conduct their ability or inability to provide adequate medical treatment and to respond reasonably to medical care is glaringly in-excusably bad. Plaintiff was repeatedly delayed or de-nied medical care resulting in further, more serious in-juries and will continue to cause unnecessary and unwanton infliction of pain. Estelle V. Gamble 429 US. at 104-05 Emphasis added. - Chance V. Armstrong 143 F. 3d, 698, 703 (2d Cir. 1998) - Ruiz V. Estelle, 503 F. Supp. 1265, 1340, (S.D. Tex. 1980) - Kimble V. Tennis, 2006 W.L. 154950 (M.D. Pa. 2006) - Helling V. McKinney 509 US. 25, 33, 113, S.Ct. 2475 (1993) - Sealock V. Colo., 218 F. 3d, 1205, 1210, n. 5 (10th Cir. 2000)
* SEE Amended Complaint Attachment *Exhibit A*

42.) SEE Original Complaint Attachments "Exhibits A-J" With Jury Demand. Note: Plaintiff mis-spelled nurse Carrie "Caldwell" Correct spelling is Carrie Colwell and Plaintiff adds Southern Health Partners as a defendant. This Complaint is to give a better view of events,

# (18.)

## V. EXHAUSTION OF LEGAL REMEDIES

43.)    Plaintiff John Anthony Hill used the jail grievance procedure at Cherokee County Detention Center to try to solve the problems. Plaintiff John Anthony Hill filed grievances since early July 2014 presenting facts to this complaint. Plaintiff John Anthony Hill never got a response saying that the grievance(s) was denied. There is no appeal procedure to follow.

## VI. LEGAL CLAIMS
### Count I

44.)    Plaintiff reallege and incorporate by reference paragraphs 1-43.

45.)    The Right to Medical Care. - The deliberate indifference to medical care violated ■ Plaintiff John Anthony Hill's rights and Constituted a due process violation under the Fourteenth Amendment to the United States Constitution.

46.)    Defendant Sheriff Derrick Palmer violated plaintiffs Fourteenth Amendment rights to due process. Defendants deliberate indifferance to plaintiffs serious medical needs.

47.)    Defendant Captain Mark Patterson's deliberate

(19.)

indifference to plaintiffs serious medical needs Violated the Fourteenth Amendment's due-process right.

48.) Defendant Lieutenant Jeremy Bresch's deliberate indifference to plaintiffs serious medical needs Violated the Fourteenth Amendments due-process right.

49.) Defendant Carrie Colwell, Employed by Southern Health Partners, Showed deliberate indifference to plaintiffs Serious Medical needs Violated the Fourteenth Amendments due-process right.

## COUNT II

50.) Plaintiff realledge and incorporate by reference paragraphs 1-43.

51.) Defendant(s) Sheriff Derrick Palmer Violated Plaintiff John Anthony Hill's First Amendment of the Constitution by retaliation, transferring and segregating plaintiff in Macon County, N.C. for 134 days for Complaining, grievances.

52.) Defendant, Capt. Mark Patterson Violated plaintiff John Anthony Hill's First Amendment of the Constitution by retaliation, transferring and segregating plaintiff in Macon County, N.C. for 134 days for Complaints, grievances.

(20.)

53.) Defendant Jeremy Bresch violated plaintiff John Anthony Hill's First Amendment of the Constitution by retaliation, transferring and segregating plaintiff in Macon County, N.C. for 134 days for complaints, grievances.

## COUNT III

54.) Plaintiff realledge and incorporate by reference paragraphs 1-43.

55.) Defendant Sheriff Derrick Palmer violated plaintiff John Anthony Hill's Freedom of Religion right by denying and delaying his religious Correspondance and Rock of Ages Discipleship Courses for over a year, a violation of the First Amendment of the United States Constitution.

56.) Defendant Capt. Mark Patterson violated plaintiff John Anthony Hill's Freedom of Religion right by denying and delaying his religious Correspondance and Rock of Ages Discipleship Courses for over a year, a violation of the First Amendment of the United States Constitution.

57.) Defendant Lt. Jeremy Bresch violated plaintiff John Anthony Hill's Freedom of Religion right by denying and delaying his religious Correspondance and Rock of Ages Discipleship Courses for over a year, a violation

(21.)

of the First Amendment of the United States Constitution.

## COUNT IV

58.)     Plaintiff realledge and incorporate by reference paragraphs 1-43.

59.)     Defendants Derrick Palmer violated plaintiff John Anthony Hill's "Freedom of speech or of the press" by denying or delaying his newspapers, magazines and mail for over a year violating the First Amendment of the Constitution.

60.)     Defendant Mark Patterson violated plaintiff John Anthony Hill's "Freedom of Speech or of the press" by denying or delaying his newspapers, magazines, and mail for over a year violating the First Amendment of the Constitution.

61.)     Defendant Jeremy Bresch violated plaintiff John Anthony Hill's "Freedom of Speech or of the press" by denying or delaying his newspapers, Magazines, and mail for over a year violating the First Amendment of the Constitution.

## COUNT V

62.)     Plaintiff realledge and incorporate by reference paragraphs 1-43.

(22.)

63.) Defendant Jeremy Bresch Violated the Due-process Clause of the Fourteenth Amendment of the Constitution against plaintiff John Anthony Hill by using Excessive Force Against Pretrial Detainees wich was Objectively unreasonable and a malicious and sadistic act of police brutality by beating and tasing plaintiff.

64.) The plaintiff has no plain, adequate or Complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the Conduct of the defendants unless this Court grants the declaratory and injunctive relief plaintiff seeks.

# VII  PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgement granting plaintiff:

65.) A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

66.) Order Defendants to pay Compensatory and punitive damages this Court seem just.

(23.)

67.) Order Defendants to pay reasonable attorney fees, costs.

68.) Grant other just and equitable relief that this Honorable Court deems necessary.

Dated: John Anthony Hill, November 6, 2018

John Anthony Hill
Cherokee County Detention
577 Regal St.
Murphy, N.C. 28906

# VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Murphy, North Carolina on Nov. 6, 2018

John Anthony Hill

John Anthony Hill, Plaintiff