# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-293-FDW

| | |
|---|---|
| JOHN ANTHONY HILL, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| DERRICK PALMER, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion to Compel and for Sanctions, (Doc. No. 37), and on *pro se* Plaintiff's Motions to Dismiss Defendants' Answers, (Doc. Nos. 30, 31, 32).

Defendants represent that Plaintiff, who is no longer incarcerated, was properly noticed for a deposition and failed to appear. Defendants ask the Court to warn Plaintiff that his failure to comply with a second deposition may result in the imposition of sanctions including the dismissal of his suit with prejudice. A court has discretion to impose sanctions, including dismissal or default, when a party fails to provide court-ordered discovery or appear for a deposition. See Fed. R. Civ. P. 37(d), 41; Hathcock v. Navistar Intern'l Transp. Corp., 53 F.3d 36 (4th Cir. 1995). Defendants' Motion will be granted. Plaintiff is directed to attend his deposition after receiving a renewed notice from Defendants. Plaintiff's failure to comply with this Order may result in the imposition of sanctions including dismissal of this action with prejudice.

Plaintiff has filed three Motions to Dismiss arguing that the Defendants' answers should be dismissed because their affirmative defenses are meritless. Rule 12(b) of the Federal Rules of Civil Procedure permit a motion to dismiss to test the sufficiency of a complaint, however, "it does

1

not resolve contests surrounding the facts, the merits of a claim or the applicability of defenses." Microsoft Corp. v. Computer Support Servs. of the Carolinas, Inc., 123 F.Supp.2d 945, 949 (W.D.N.C. 2000) (citations omitted). Rule 12(f) provides that the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matters." Fed. R. Civ. P. 12(f). the Court may act on its own or on a motion by a party. Id. Defendant Colwell argues that, if Plaintiff's Motion to Dismiss is construed as a Motion to Strike, it would be untimely. The Court agrees. Moreover, Plaintiff has failed to show that any of the defenses at issue were insufficient or otherwise infirm. Plaintiffs' Motions to Dismiss will therefore be denied.

**IT IS THEREFORE ORDERED** that:

(1) Defendants' Motion to Compel and for Sanctions, (Doc. No. 37), is **GRANTED**.

(2) Plaintiff is directed to attend his deposition after receiving a renewed notice from Defendants. Plaintiff's failure to comply with this Order may result in the imposition of sanctions including dismissal of this action with prejudice.

(3) Plaintiff's Motions to Dismiss Defendants' Answers, (Doc. Nos. 30, 31, 32) are **DENIED**.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge